THE AMERICAN TRADING COMPANY *v.* MONSERRAT.

APPEAL from the District Court of Ponce.

No. 748.—Decided April 20, 1912.

INJUNCTION—STAY OF FORECLOSURE PROCEEDINGS.—Both before and since the enactment of the Injunction Act of 1906 this court has held that mortgage

foreclosure proceedings should not be stayed except for the reasons expressly set forth in section 175 of the Mortgage Law Regulations.

ID.—MULTIPLICITY OF PROCEEDINGS.—The real meaning of the expression ''to prevent a multiplicity of proceedings'' in the Injunction Act of 1906 is to prevent one or several parties from bringing different actions concerning the same subject-matter, but not to place a debtor in a position to prevent his creditors from suing him. It would not be just or lawful to grant an injunction only to prevent several claimants from prosecuting claims which are *prima facie* valid against the same property.

ID.—DEBTOR—STAY OF SUMMARY PROCEEDINGS—INTENTION OF LEGISLATURE.—We cannot believe that it was the intention of the Legislature to permit a debtor to obtain by means of an injunction what he could not obtain in any other way, namely, the stay of an executory proceeding against him. His remedy is by way of an ordinary suit with a cautionary notice thereof entered in the registry of property.

ID.—CONSTRUCTION OF LAW—MORTGAGE LAW—INJUNCTION ACT—IMPLIED REPEALS.—It is a general principle of construction of statutes that implied repeals do not as a rule merit the sanction of the courts. The Injunction Act of March 8, 1906, did not repeal section 175 of the Regulations for the execution of the Mortgage Law.

The facts are stated in the opinion.

*Messrs. Felipe Casalduc* and *Emigdio S. Ginorio* for appellant.

*Mr. Alfredo Arnaldo Sevilla* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

By a deed bearing date May 11, 1900, Luis Arán y Lancy acknowledged himself indebted to Baudillo Durán y Cat in the sum of 130,000 *pesos* provincial money, of which he agreed to pay the sum of 13,000 *pesos* on May 11, 1901, and the same sum each 11th of May thereafter, with interest at 6 per cent, and for each instalment executed a promissory note to the order of his creditor, Baudillo Durán, and as security for these notes, negotiable by indorsement, made a voluntary mortgage on 19 suburban pieces of property. By the terms of the deed none of these notes was given a preference one over another, nor were they in any way distinguished one from another with respect to their collectibility or security.

Don Baudillo Durán indorsed to the order of Martín Serra the promissory note No. 3, being the one that fell due.

May 11, 1903; and the latter in turn indorsed the same to the American Trading Co.

In a similar way Baudillo Durán indorsed note No. 5 to Conrado Palou. The latter indorsed the same to other people, but these indorsements were canceled and the note was indorsed to Damián Monserrat, the respondent here. This latter indorsement is one of the objects of attack on this appeal, partially on the ground of the prior indorsement and partially on the form of the indorsement itself, the appellant alleging that the transfer is not valid as the indorsement fails to show the date of such transfer.

The American Trading Co. filed a summary proceeding against the administrator of Luis Arán y Lancy to recover the amount of its promissory note No. 3, and as a result of these proceedings six pieces of property were adjudged to the said appellant in partial payment of said note.

To recover the amount of his promissory note No. 5 Damián Monserrat began a summary mortgage proceeding and directed it against the person in possession, namely, the American Trading Co. An auction sale of said pieces of property was set for July 22, 1911, and in June, 1911, the said American Trading Co. presented the suit and application for injunction which is the object of this appeal.

In the complaint it is stated that by an involuntary oversight the American Trading Co., in the summary mortgage proceeding prosecuted by it, omitted to request an order for a cancellation in the registry of the other incumbrances against the six pieces of property. There was no ordinary suit filed and no attempt to comply with section 175 of the mortgage rules.

The appellant alleged and maintains, among other things, that to permit the summary mortgage proceeding to go on would occasion it irreparable damage, cause useless suits to be brought by itself and a multiplicity of suits by the holders of other notes. In support of the power of the court to decree the injunction, the appellant alleges various nullities in the

title of Monserrat.  On the other hand, the respondent maintains that by virtue of section 175 of the mortgage regulations a summary proceeding cannot be interrupted for any causes except those enumerated in that section, among which are not found the causes or the manner of proceeding sought to be involved by the appellant.

This court, up to and prior to the Injunction Law of 1906, has decided that the mortgage proceeding may not be suspended except for the reasons set forth in section 175 of the mortgage regulations.  *Banco Territorial* v. *Erwin,* 10 P. R. R., 388; *Giménez* v. *Brenes,* 10 P. R. R, 124.  It is urged, however, that the Injunction Law of March 8, 1906, being later than the Mortgage Law or rules, must prevail.  Under that law an injunction may be granted to prevent a multiplicity of proceedings; but we think the plain object of these words is to prevent a number of suits by a party or parties in the same interest and not, for example, to enable a debtor to enjoin his various creditors from suing him.  One creditor may not file a suit for nullity, for reivindication and for unlawful detainer all at the same time, nor may he continue to repeat the same suit.  However, even if it should be conceded that an injunction may be granted to prevent a multiplicity of suits there would be no reason or justice in granting it merely to prevent different claimants from prosecuting their *prima facie* valid claims against the same property.  Furthermore, it is not here shown that anyone but the respondent is prosecuting a claim.  In no other case may an injunction be granted to restrain judicial proceedings, for section 4 of the Injunction Law specifically provides that ''An injunction cannot be granted: 1. To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings.''

Moreover, we do not think it was the intention of the Legislature to permit a debtor to do by way of injunction what he could not otherwise do, namely, suspend a summary

proceeding. His remedy is by way of an ordinary suit with a cautionary notice in the registry of property. The Mortgage Law itself provides, in section 413, that "None of the articles composing this law can be repealed, except by virtue of another special law, and the appropriation law can never be considered a special law for this purpose."

In addition to this legislative declaration of a rule for the interpretation and stability of the Mortgage Law and its regulations is the familiar principle of the interpretation of statutes that repeals by implication are not favored. *North American Com. Co.* v. *United States,* 171 U. S., 131. The Law of March 8, 1906, relating to injunction, contained no repealing clause. On the other hand, the Law of March 9, 1905, in regard to special proceedings, contained a declaration for the continuance of the Mortgage Law and its regulations, and it is impossible to conceive that the same Legislature in 1906 would have had any intention of effecting an implied repeal of section 413 of the Mortgage Law. It was similarly contended that section 50 of the Code of Civil Procedure had repealed the special mortgage proceedings, but this court, in *Giménez* v. *Brenes,* 10 P. R. R., 124 *supra,* decided that it had not been so repealed.

The judgment must be affirmed.

*Affirmed.*


Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary dissented.